**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

DANIEL T. MILLER, JR.,
Plaintiff-Appellant,

and

HELEN MELTON,
Plaintiff,

v.

No. 98-2010

GLENN V. LONGACRE, JR.; WANDA
LONGACRE; JOHN MOORE; HELEN
MOORE; BROOKS RUN COAL
COMPANY; ANY AND ALL JOHN AND
JANE DOE CLAIMANTS,
Defendants-Appellees.

Appeal from the United States District Court
for the Northern District of West Virginia, at Elkins.
Robert Earl Maxwell, Senior District Judge.
(CA-96-175-2)

Submitted: December 15, 1998

Decided: January 28, 1999

Before HAMILTON and MOTZ, Circuit Judges, and
HALL, Senior Circuit Judge.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

Daniel T. Miller, Jr., Appellant Pro Se. William Tracey Weber, Jr., WEBER & WEBER, Weston, West Virginia; David John Romano, Clarksburg, West Virginia, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Daniel Miller appeals from a district court order dismissing his diversity action seeking to quiet title to a piece of real property located in West Virginia. This case appears before the court for the second time. Previously, the district court dismissed Miller's action based on its finding that diversity jurisdiction was lacking. In our first consideration of this case, we found that the district court committed error in denying Miller's motion for misjoinder of a nondiverse plaintiff, and vacated and remanded for further proceedings.

On remand, the district court referred the matter to a magistrate judge, who granted Miller's motion for misjoinder. At a status conference, however, the magistrate judge learned that Miller did not have an ownership interest in the property at issue in the litigation, but was attempting to assert his father, Gail Johnson's, ownership interest. At a second status conference, Miller produced a deed showing that his father had, since the first conference, deeded the property to him. Although the magistrate judge found that there were unresolved issues regarding the validity of the transfer, it found it unnecessary to resolve them because it determined that, in any event, Miller held no ownership interest in the property at the time he filed the action. Citing to cases holding that diversity must exist at the time a suit commences, the magistrate judge found that jurisdiction could not be supplied by events occurring after the filing of suit. Without noting

2

which if any specific findings by the magistrate judge it was adopting, the district court dismissed based on its finding that Miller lacked sufficient standing to prosecute this action.

The district court's dismissal fails to account for Federal Rule of Civil Procedure 17(a), which provides, in pertinent part:

> No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest.

Id.

The primary purpose of the rule is to protect a defendant against a subsequent suit by the party actually entitled to relief. See Virginia Elec. & Power Co. v. Westinghouse Elec. Corp., 435 F.2d 78, 84 (4th Cir. 1973). It is also intended to prevent forfeiture of an action when an understandable mistake has been made. See Fed. R. Civ. P. 17, advisory committee note to 1966 Amendment. The rule clearly contemplates that actions filed by persons lacking standing should not be dismissed where the proper party can be found and substituted or joined into the action. While the posture of this case is unusual in the sense that the initiator of the suit lacking standing at the time of filing and the potential real party in interest happen to be the same person, the purposes of the rule are still best served by permitting the real party in interest to prosecute the action.

If the conveyance of the property to Miller was valid, then he is the real party in interest, for it is he, and not his father, who will have a claim to the property at issue. Permitting Miller to prosecute will therefore permit the district court's judgment relating to the title dispute to have the proper res judicata effect. It will also prevent forfeiture and likely refiling of an action, already well developed, based on an apparently inadvertent error. The record suggests that Miller mistakenly believed that he could pursue the action on his father's behalf

3

-- either as his next friend or as his personal representative, even though he apparently did not take the necessary steps to acquire such status.

Rule 17 requires the district court, upon learning that the plaintiff(s) to an action failed to name the real party in interest, to provide a reasonable period of time to cure the problem. See Shetterly v. Raymark Indus., Inc., 117 F.3d 776, 785 (4th Cir. 1997). If the problem is cured, the addition of the real party in interest relates back to the commencement of the suit. See Fed.R.Civ.P. 17(a); O'Hara v. District No. 1-PCD, 56 F.3d 1514, 1519 (D.C. Cir. 1995). In this case, the district court implicitly concluded that the absence of the real party in interest at commencement of the suit was incurable. Because this conclusion is contrary to law and because Miller may be the real party in interest in this case, we vacate the order of the district court and remand for further proceedings consistent with this opinion.* We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED
_____

*The record does not reveal any obvious problems relating to the court's diversity jurisdiction. Miller is diverse to all defendants. Moreover, because the record indicates that Miller's father is a resident of Washington state, like Miller, it does not appear that Miller brought the action in his name rather than his father's name in order to create diversity jurisdiction. Thus, there is no apparent basis for concluding that Miller attempted to improperly invoke the court's jurisdiction. See 28 U.S.C. § 1359 (1994). Absent such impropriety, we see no reason not to apply the relation back provisions of Rule 17(a), and treat Miller as though he were the real party in interest from the beginning of the suit, if the court finds that Miller has a valid claim to the property at issue.

4